# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: April 13, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| BENJAMIN GAY, | * | UNPUBLISHED |
| | * | No. 18-1394V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

David A. Tierney, Rawls Law Group, Richmond, VA, for petitioner.
Mollie D. Gorney, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 13, 2018, Benjamin Gay ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that he developed transverse myelitis as a result of the influenza vaccine he received on January 9, 2017. Petition at 1, ECF No. 1. On December 4, 2019, the parties filed a Stipulation which the undersigned adopted as her Decision awarding compensation on December 5, 2019. ECF No. 26.

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On December 12, 2019, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 30). Petitioner requests compensation in the amount of $15,978.38, representing $13,794.10 in attorneys' fees and $2,184.28 in costs. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred costs in pursuit of this litigation. Fees App. Ex. 3 at 2. Respondent filed his response on December 19, 2019 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response, ECF No. 31, at 2. Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $15,011.28.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner received compensation, he is entitled to a final award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.   Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Joseph ("Ted") McFadden, $395.00 per hour for work performed in 2018 and $422.00 per hour for work performed in 2019; and for Mr. Glen Sturtevant, Jr., $339.00 per hour for work performed in 2019. These rates are all consistent with what these individuals have previously been awarded for their Vaccine Program work and the undersigned finds these rates to be reasonable herein as well.

Petitioner also requests that his counsel, Mr. David Tierney, be compensated at $254.00 per hour for work performed in 2019. The undersigned has previously analyzed Mr. Tierney's rates and found this rate to be excessive given his overall experience, instead compensating his work in 2019 at $215.00 per hour. Hernandez v. Sec'y of Health & Human Servs., No. 18-137V, 2019 WL 5420107, at *2 (Fed. Cl. Spec. Mstr. Sept. 20, 2019). As Mr. Tierney billed 15.4 hours in 2019, the undersigned shall reduce the final award of fees by **$600.60**.

The paralegals of Rawls Law Group billed at the hourly rate of $159.00 per hour for 2019, which exceeds the range for paralegals for 2019 per the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2019. The undersigned reduces the paralegal rates for 2019 to $156.00 per hour, reducing the request for attorneys' fees in the amount of **$22.50**.

### ii.   Reasonable Hours Expended

The undersigned has reviewed the submitted billing entries and finds that the overall number of hours billed in this matter is reasonable with the exception of one billing entry. On May 2, 2019, Mr. Tierney billed 1.6 hours to "Prepare for status conference." Fees App. Ex. 1 at 11. The issue is that the status conference, by Mr. Tierney's own billing records, only lasted six minutes. Additionally, Mr. Tierney had already spent 2.4 hours on the same day reviewing exhibits, the petition, and medical records. This time should have sufficiently prepared Mr. Tierney to participate in such a short status conference. Accordingly, the undersigned shall reduce the final award of attorneys' fees by $344.00 to account for this excessive time billed. Petitioner is therefore awarded final attorneys' fees of **$12,827.00**.

### b.   Attorneys' Costs

3

Petitioner requests a total of $2,184.28 in attorneys' costs. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. All these costs have been supported with documentation and are reasonable in the undersigned's experience. Accordingly, petitioner is entitled to the full amount of costs requested.

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and his counsel as follows:

| Attorneys' Fees Requested | $13,794.10 |
|---|---|
| (Total Reduction from Billing Hours) | - ($967.10) |
| **Total Attorneys' Fees Awarded** | **$12,827.00** |
| | |
| Attorneys' Costs Requested | $2,184.28 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,184.28** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$15,011.28** |

**Accordingly, the undersigned awards $15,011.28 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. David Tierney.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

   **IT IS SO ORDERED.**

                                       s/Nora Beth Dorsey
                                       Nora Beth Dorsey
                                       Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.